IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,         No. 2:10-mc-00121 MCE KJN

  v.

MICHAEL H. OBROWSKI,

   Defendant.        ORDER

_____/

   Presently before the court is plaintiff's ex parte Application and Declaration for Order and Appearance of Judgment Debtor Michael H. Obrowski (the "Application").[1] (Dkt. No. 2.) For the reasons stated below, the undersigned denies plaintiff's Application without prejudice on the grounds that the Application does not conform with the requirements of Federal Rule of Civil Procedure 69 and California Code of Civil Procedure § 708.160.

   On December 10, 2010, plaintiff registered with this court an Amended Judgment in an amount of $27,488.95, which was entered on December 27, 2006, by the California Superior Court for the County of San Bernardino in the matter of <u>Student Loan Marketing Association By and Through Its Servicing Agent Sallie Mae Inc. v. Obrowski</u>, Case No.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(11) and 28 U.S.C. § 636(b)(1).

RCCI083582.  (See Amended Judgment, attached to Registration of Judgment, Dkt. No. 1.)  On February 3, 2011, plaintiff filed the ex parte Application that is the subject of this order.[2] Plaintiff requests that defendant appear personally for a judgment debtor examination and be required to bring with him documents responsive to 20 requests for production of documents.[3]

    Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  In turn, California Code of Civil Procedure § 708.160 provides, in part:

> (a) Except as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered.
>
> (b) A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.
>
> (c) If a person sought to be examined does not reside or have a place of business in the county where the judgment is entered, the superior court in the county where the person resides or has a place of business is a proper court for examination of the person.

Cal. Civ. Proc. Code §§ 708.160(a)-(c).  Section 708.160(d) further provides, in part:

> If the judgment creditor seeks an examination of a person before a court other than the court in which the judgment is entered, the judgment creditor shall file an application that shall include all of the following:

---

[2] Plaintiff is entitled to seek the examination of the judgment debtor on an ex parte basis because plaintiff's declaration avers that "[t]here has been no previous examination of the judgment debtor within the last four months" (Application at 2).  See Cal. Civ. Proc. Code § 108.110(b).

[3] The undersigned expresses no view regarding plaintiff's document requests.  However, plaintiff is reminded that such requests must conform to the requirements of the Federal Rules of Civil Procedure or the California Code of Civil Procedure.  See Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); see also Cal. Civ. Proc Code § 708.030 (addressing, in part, requests for the inspection of documents made by judgment creditors).

      (1) An abstract of judgment in the form prescribed by [California Code of Civil Procedure] Section 674.

      (2) An affidavit in support of the application stating the place of residence or place of business of the person sought to be examined. . . .

Id. §§ 708.160(d)(1)-(2).

      Here, the judgment at issue was entered in the San Bernardino County Superior Court, and plaintiff seeks to examine defendant in the United States District Court for the Eastern District of California, in Sacramento, California. Accordingly, plaintiff was required to file an application for the examination of the judgment debtor that conforms to the requirements of California Code of Civil Procedure § 708.160(d). Plaintiff's Application does not conform with the requirements of subsections (1) and (2) of Section 708.160(d).

      First, the Amended Judgment submitted by plaintiff is not in the form prescribed in California Code of Civil Procedure § 674, which is required by California Code of Civil Procedure § 708.160(d)(1). Specifically, the judgment-related materials submitted by plaintiff do not contain the "name and last known address of the judgment debtor and the address at which the summons was either personally served or mailed to the judgment debtor or the judgment debtor's attorney of record." See Cal. Civ. Proc. Code § 674(a)(3). Although the Amended Judgment appends a Proof of Service By Mail that lists an address where plaintiff was served with the Amended Judgment in 2006, it is entirely unclear from plaintiff's submission whether this is defendant's last known address. Moreover, the Amended Judgment does not contain the "name and address of the judgment creditor," which is separately required by California Civil Code § 674(a)(4). Furthermore, the materials submitted by plaintiff do not include certain required information related to defendant's Social Security number and driver's license number. See id. § 674(a)(6). Additionally, the Amended Judgment does not technically conform with the requirement that the abstract of judgment indicate "[w]hether a stay of enforcement has been ordered by the court and, if so, the date the stay ends." Id. § 674(a)(7).

      Second, plaintiff has not submitted an affidavit that states the place of specific

3

1 residence or place of business of defendant.  See Cal. Civ. Proc. Code § 708.160(d)(2).  The
2 Application, which also serves as the declaration of Kathryn E. Van Houten, does not contain
3 this required information.  At most, it states that defendant resides in Los Angeles County.
4 (Application at 1-2.)  As a result, the undersigned cannot adequately evaluate whether this court
5 serves as the proper venue for a judgment debtor examination of defendant.

6          Indeed, a potentially fundamental problem arises from the fact that plaintiff failed
7 to include defendant's specific address in its Application.  It is not at all clear that plaintiff is
8 entitled to examine defendant at the Eastern District of California courthouse located at 501 "I"
9 Street, Sacramento, California 95814, as requested.  As noted above, California Code of Civil
10 Procedure § 708.160(b) provides: "A person sought to be examined may not be required to attend
11 an examination before a court located outside the county in which the person resides or has a
12 place of business unless the distance from the person's place of residence or place of business to
13 the place of examination is less than 150 miles."  Although plaintiff seeks to examine defendant
14 in Sacramento, California, plaintiff's Application states that the "judgment debtor resides in the
15 County of Los Angeles within 150 miles of the place of examination."  (Application at 1-2.)
16 Plaintiff's representation regarding the distance between Sacramento, California and Los Angeles
17 County appears to be materially false.  Assuming that defendant resides in Los Angeles County,
18 plaintiff's examination of defendant in Sacramento, California would violate California Code of
19 Civil Procedure Code § 708.160(b).
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

1  Plaintiff's ex parte Application in furtherance of a judgment debtor examination
2 of defendant does not conform with the California Code of Civil Procedure.  Accordingly, IT IS
3 HEREBY ORDERED that plaintiff's Application and Declaration for Order and Appearance of
4 Judgment Debtor (Dkt. No. 2) is denied without prejudice.
5  IT IS SO ORDERED.
6 DATED: February 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE